UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

INGE ASH,
a citizen and resident of California,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD., a
Liberian Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff INGE ASH a citizen and resident of the State of California, through undersigned counsel, sues Defendant ROYAL CARIBBEAN CRUISES LTD., a Liberian corporation with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1.     This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.     Plaintiff INGE ASH is a citizen and permanent resident of the State of California and is sui juris.

3.     Defendant ROYAL CARIBBEAN is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida. For federal jurisdictional purposes, it is both a citizen of Liberia and a citizen of Florida.

4.      This Court has subject matter jurisdiction over this action on the ground of diversity of citizenship as provided in 28 U.S.C.§ 1332. The Plaintiff is a citizen and resident of the State of California, while the Defendant is for jurisdictional purposes a citizen of Florida, its principal place of business.  The amount in controversy exceeds the applicable jurisdictional amount of $75,000.00.  The damages alleged in Paragraph 12 below, including a humerus fracture, support an award of damages in excess of $75,000.00.

5.       At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that general in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6.      The Defendant's principal place of business is located in Miami-Dade County Florida. Accordingly, venue is proper in this Court.

7.      Venue is also proper in this Court because the operative ticket contract requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

8.      Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract on January 7, 2020.  A copy of the notice of claim, made by certified mail, is attached as Exhibit 1.  Further, the Defendant has agreed to extend the time provided by the ticket contract to file suit, so this action is filed timely.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

9.     At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "EXPLORER OF THE SEAS."

10.     At all material times, the Plaintiff was a fare-paying passenger on board the M/S "EXPLORER OF THE SEAS" and in that capacity was lawfully present on board the vessel.

11.     On or about December 27, 2019, while the Plaintiff was lawfully on board the M/S "EXPLORER OF THE SEAS" as a fare paying passenger, she slipped and fell on a wet, foreign or transitory substance on Deck 5 of the vessel, sustaining serious injuries.

11.     RCCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with RCCL including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the interior flooring when wet.

12.     At all material times, RCCL knew or should have known that the subject flooring was unreasonably dangerous because of its knowledge of prior similar incidents that occurred on that flooring material aboard the EXPLORER OF THE SEAS and other vessels in its fleet of cruise ships. *See Cosmo v. Carnival Corporation,* 272 F.Supp.3d 1336, 1341 (S.D. Fla. 2017). Moreover, upon information and belief RCCL has received several passenger complaints/comments about the unreasonably dangerous nature of the interior flooring in its fleet. In addition, RCCL knew or should have known of the dangerous wet, foreign or transitory substance on the floor because it had employees in the area and there was sufficient time for the employees to appropriately detect the dangerous substance and take

corrective measures. *See Plott v. NCL America, LLC*, 786 Fed. Appx. 199, 201, 203 (11th Cir. 2019); *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 722 (11th Cir. 2019).

13.     As a direct and proximate result of the slip and fall as described above, the Plaintiff was injured in and about her body and extremities, including a humerus fracture, suffered pain and suffering therefrom, sustained mental anguish, sustained disfigurement, disability, aggravation or activation of preexisting injuries, and the inability to lead a normal life.  Furthermore, Plaintiff incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries.  Plaintiff has also lost earnings and will continue to lose earnings or earning capacity in the future.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENT MAINTENANCE

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-13 above and further alleges:

14.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the floor surface in, around Deck 5 and the area where Plaintiff fell in a reasonably safe condition, which included a duty to correct dangerous conditions of which it knew or should have known in the exercise of reasonable care.

15.     RCCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their

employment with RCCL including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the interior flooring when wet.

16.     At all material times including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a high traffic area near an area where passengers routinely traversed and was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to the presence of a wet, foreign or transitory substance.

17.     At all material times, the Defendant either knew or should have known of the dangerous condition in the area where the Plaintiff fell, or in the exercise of reasonable care should have known of its dangerous condition, because it was in a high traffic area, or due to the length of time the dangerous condition had existed, its recurring nature, or both, and Defendant accordingly owed a duty to Plaintiff timely to exercise reasonable care to maintain its vessel by correcting or remediating the dangerous condition. *See Plott v. NCL America, LLC*, 786 Fed. Appx. 199, 201, 203 (11th Cir. 2019); *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 722 (11th Cir. 2019).

18.     At all material times, RCCL knew or should have known that the subject flooring was unreasonably dangerous because of its knowledge of prior similar incidents that occurred on that flooring material aboard the EXPLORER OF THE SEAS and other vessels in its fleet of cruise ships. *See Cosmo v. Carnival Corporation,* 272 F.Supp.3d 1336, 1341 (S.D. Fla. 2017).  Moreover, upon information and belief RCCL has received several passenger complaints/comments about the unreasonably dangerous nature of the interior flooring in its fleet.

19.     In addition, RCCL knew or should have known of the dangerous wet, foreign or transitory substance on the floor because it had employees in the area and there was sufficient time

for the employees to appropriately clean or otherwise remediate the dangerous substance. *See Thomas v. NCL (Bahamas) Ltd.,* 203 F. Supp. 3d 1189, 1193 (S.D. Fla. 2016); *Plott v. NCL America, LLC*, 786 Fed. Appx. 199, 201, 203 (11th Cir. 2019).

20.     Notwithstanding Defendant's actual or constructive knowledge of the condition of floor surface on Deck 5, referred to in the preceding paragraphs the Defendant failed before the time of the Plaintiff's injury to take reasonable measures to maintain the area in a reasonably safe condition.  The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

21.     The Defendant's specific negligent acts or omissions consist of one or more of the following:

    a.     Failing to maintain the floor surface or area in a reasonably safe condition by keeping it clean and dry.

    b.     Failing to take reasonable precautionary measures to prevent the wet foreign or transitory substances presence onto the floor in a high traffic area;

    c.     Failing to conduct sufficiently frequent routine inspections of the area where Plaintiff fell for wetness, slipperiness or contaminants;

    d.     Failing to comply with manufacturer standards/guidelines for cleaning the subject interior flooring;

    e.     Failing to use non-skid and anti-slip materials to ensure the floors were safe for others traversing the area.

    f.     Failing to sufficiently de-grease the subject flooring surface, and

    g.     Failing to use reasonable care in the maintenance of the subject flooring material.

22.     As a direct and proximate result of one or more of the Defendant's negligence acts

as described above the Plaintiff has sustained and continues to sustain the damages alleged in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-13 above and further alleges:

23.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn of dangerous conditions of which it knew or should have known in the exercise of reasonable care.

24.     RCCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with RCCL including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the interior flooring when wet.

25.     At all material times, including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a high traffic area near a restaurant where passengers routinely traversed and was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to the presence of a wet, liquid, slippery or transitory substance.

26.     At all material times, the Defendant either knew or should have known of the dangerous condition in the area where the Plaintiff fell, or in the exercise of reasonable care should

have known of its dangerous condition, because it was in a high traffic area, or due to the length

of time the dangerous condition had existed, its recurring nature, or both, and Defendant

accordingly owed a duty to Plaintiff timely to exercise reasonable care to maintain, to warn, to

correct/and or to remedy the dangerous condition. *See Plott v. NCL America, LLC*, 786 Fed. Appx.

199, 201, 203 (11th Cir. 2019); *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 722 (11th Cir.

2019).

27.     At all material times, RCCL knew or should have known that the subject flooring was

unreasonably dangerous because of its knowledge of prior similar incidents that occurred on that

flooring material aboard the EXPLORER OF THE SEAS and other vessels in its fleet of cruise ships.

*See Cosmo v. Carnival Corporation,* 272 F.Supp.3d 1336, 1341 (S.D. Fla. 2017).  Moreover, upon

information and belief RCCL has received several passenger complaints/comments about the

unreasonably dangerous nature of the interior flooring in its fleet.

28.     In addition, RCCL knew or should have known of the dangerous wet, foreign or

transitory substance on the floor because it had employees in the area and there was sufficient time

for the employees to warn passengers appropriately of the dangerous substance. *See Thomas v.

NCL (Bahamas) Ltd.,* 203 F. Supp. 3d 1189, 1193 (S.D. Fla. 2016); *Plott v. NCL America, LLC*,

786 Fed. Appx. 199, 201, 203 (11th Cir. 2019).

29.     Notwithstanding Defendant's actual or constructive knowledge or creation of the

dangerous condition on Deck 5, the Defendant failed before the time of the Plaintiff's fall the

Defendant failed to take reasonable measures adequately to warn the Plaintiff. The Defendant's

specific negligent acts or omissions relating to failure to warn consist of one or more of the

following:

a.     Failing to properly warn passengers including the Plaintiff of the subject dangerous condition of the floor surface on Deck 5 and area where Plaintiff fell that Defendant knew, or in the exercise of reasonable care should have known existed;

b.     Failing to properly warn passengers including the Plaintiff of the slippery nature of the flooring/ and or of the presence of a wet, liquid, wet, foreign or transitory substance on the floor;

c.     Failure adequately to mark or cordon off the area where Plaintiff fell through appropriate signage, barriers or otherwise;

d.     Failure to provide passengers timely and adequate oral or written warnings of the dangerous condition of the area.

30.     As a direct and proximate result of one or more of the Defendant's negligent acts as described above the Plaintiff sustained and continues to sustain the damages alleged in Paragraph 13.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT III – NEGLIGENT FAILURE TO CORRECT

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-13 above and further alleges:

31.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the floor surface in, around Deck 5 and the area where Plaintiff

fell in a reasonably safe condition, including a duty to correct dangerous conditions of which it knew or should have known in the exercise of reasonable care.

32. RCCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with RCCL including their failure to reasonably corr3ect the Plaintiff about the unreasonably dangerous nature of the interior flooring when wet.

33.     At all material times including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a high traffic area near an area where passengers routinely traversed and was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to the presence of a wet, foreign or transitory substance.

34.     At all material times, the Defendant either knew or should have known of the dangerous condition in the area where the Plaintiff fell, or in the exercise of reasonable care should have known of its dangerous condition, because it was in a high traffic area, or due to the length of time the dangerous condition had existed, its recurring nature, or both, and Defendant accordingly owed a duty to Plaintiff timely to exercise reasonable care to correct and remediate the dangerous condition. *See Plott v. NCL America, LLC*, 786 Fed. Appx. 199, 201, 203 (11th Cir. 2019); *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 722 (11th Cir. 2019).

35.     At all material times, RCCL knew or should have known that the subject flooring was unreasonably dangerous because of its knowledge of prior similar incidents that occurred on that flooring material aboard the EXPLORER OF THE SEAS and other vessels in its fleet of cruise ships. *See Cosmo v. Carnival Corporation,* 272 F.Supp.3d 1336, 1341 (S.D. Fla. 2017).  Moreover, upon

information and belief RCCL has received several passenger complaints/comments about the unreasonably dangerous nature of the interior flooring in its fleet.

36.     In addition, RCCL knew or should have known of the dangerous wet, foreign or transitory substance on the floor because it had employees in the area and there was sufficient time for the employees to correct or remediate the dangerous condition. *See Thomas v. NCL (Bahamas) Ltd.,* 203 F. Supp. 3d 1189, 1193 (S.D. Fla. 2016); *Plott v. NCL America, LLC*, 786 Fed. Appx. 199, 201, 203 (11th Cir. 2019).

37.     Notwithstanding Defendant's actual or constructive knowledge of the condition of floor surface on Deck 5, referred to in the preceding paragraphs the Defendant failed before the time of the Plaintiff's injury to take reasonable measures to correct the dangerous condition by cleaning the area where the condition was present or otherwise.  The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

38.     The Defendant's specific negligent acts or omissions consist of one or more of the following:

h.     Failing to take reasonable precautionary measures to correct the wet, foreign or transitory substances presence onto the floor in a high traffic area;

i.     Failing timely to clean, dry, or remedy the wet, foreign or transitory substance in the area where Plaintiff fell when RCCL's through its employees or agents knew or should have known about the existence of the of wet, foreign or transitory substance.

39.     As a direct and proximate result of one or more of the Defendant's negligence acts as described above the Plaintiff has sustained and continues to sustain the damages alleged in Paragraph 13 above.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right. Executed this 15th of March, 2021.

**s/NICHOLAS I. GERSON**
NICHOLAS I. GERSON
Florida Bar No. 0020899
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749